UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| GUARDIAN MEDIA TECHNOLOGIES, LTD. | ) | |
| | ) | Case No. 6:10-CV-597-LED |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ACER AMERICA CORPORATION, ET AL., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | | |

**GUARDIAN'S SUR-REPLY OPPOSING THE MOTION TO
TRANSFER VENUE TO THE SOUTHERN DISTRICT OF CALIFORNIA**

Realizing, as the adage goes, that they can pound neither the facts nor the law to defend their position, movants are simply pounding the table. But despite movants' aspersions and rank speculation in their Reply, they cannot show that the vacated rulings in Southern California nearly two years ago support transfer to a district where no party is located, and that is less convenient in nearly every recognized way. Movants cannot dispute any of these key facts:

- Two defendants are based in this district, while none are in Southern California;

- Five defendants are in Texas, whereas at most one (TTE Technology) is in California—and evidence still suggests that TTE Technology is based in Juarez;

- At least sixteen of the eighteen remaining defendants are located far closer to this district than to Southern California (*see* Ex. 25, [Updated Distances Table]);

- Guardian is headquartered in this district, and its director, Thomas Coverstone, lives here as well; and

- It has been nearly two years since anything substantive happened in the related, closed case that was pending in Southern California.

For the following six reasons, movants still have not shown that transfer is warranted:

## I. Movants Have Not Shown That This Case Could Have Been Originally Brought In California Against All Defendants

Courts have consistently held that a company is not subject to general or specific jurisdiction in a particular state solely because it provides a website that allows sales nationwide. But the only evidence movants proffer to show California's personal jurisdiction over the so-called "Group 3" defendants—who are not based in California and do not operate there—are website purchases by movants' California counsel *after* the case begun. That does not establish that California had general or specific jurisdiction over Group 3 *before* the case was filed.

Operating a website from which Californians can make purchases does not equate to a

"continuous and systematic" presence in California supporting general jurisdiction.[1] Nor have movants shown that Guardian's claims against Group 3 stem from their contacts with California so as to support specific jurisdiction. These companies have not "purposefully directed" their actions at California merely by operating websites that *permit* customers nationwide (including in California) to order products.[2] And simply because the Group 3 websites allow sales to California residents now, that does not mean this case "arises from" those websites' operation.[3] Indeed, this Court recently denied transfer in a case where, for one defendant, no evidence showed that its website was "specifically directed at California residents," or that it actually engaged in "business with California residents [that] involved any of its accused products."[4] Here, movants have not shown that Group 3's websites even existed before the patents-in-suit expired in 2008, much less that they sold potentially infringing products.[5]

Because movants have failed to show this case could have been brought in California

---

[1] *See Campbell Pet Co. v. Miale*, 542 F.3d 879, 884 (Fed. Cir. 2008) (no general jurisdiction where defendant's "website is not directed at customers in [the forum]").

[2] *See Shamsuddin v. Vitamin Research Prods.*, 346 F. Supp. 2d 804, 813-14 (D. Md. 2004) (finding no "substantial connection" with forum when defendant's website did not suggest that it "intended to target [forum] residents any more than . . . residents of other states").

[3] *See Trintec Indus. v. Pedre Promotional Prods.*, 395 F.3d 1275, 1282 (Fed. Cir. 2005) (holding that determination of whether D.C. had specific jurisdiction over defendant required evidence that sales made to D.C. residents "were of infringing products").

[4] *Internet Machs. v. Alienware Corp.*, 2011 U.S. Dist. LEXIS 66207, *15-17 (E.D. Tex., June 7, 2011).

[5] Movants incorrectly assert that they only need show that each of Group 3 "is conducting business over the internet" to establish California's jurisdiction over those companies. Reply Br. 5 (quoting *Balthasar Online, Inc. v. Network Solutions, LLC,* 654 F.Supp.2d 546, 551 (E.D. Tex. 2009)). But in *Balthasar*, not only were the websites themselves accused of infringement, but each of the non-California defendants produced evidence that "California residents were using the accused websites as of the date this lawsuit was instituted." *Id.* at 552. In contrast, movants here obtained no declarations or other evidence from Group 3 showing California website sales at all—presumably because Group 3 did not want to suggest they could be sued in California.

originally, their motion can be denied without even addressing the convenience analysis.[6]

## II. Movants Ignore Guardian's And Coverstone's Actual Presence In This District

Guardian showed in its opposition that both it and its director, Thomas Coverstone, are located in this district. Coverstone Decl. ¶¶ 3-14. Indeed, Coverstone has lived, worked, and voted in this district for over a year, and his presence here was recognized by this Court as weighing against transfer in a suit brought by another company he runs.[7]

Movants have no genuine basis to dispute this. Nevertheless, they assert that Guardian is only "conveniently claiming" that it and Coverstone are present in this district, saying that their "supposed presence" is a charade designed to make "venue look convenient here." Reply Br. 2-3. What is their basis for this serious charge? That the Secretary of State lists Guardian's "principal office where records are to be kept or made available" as in Austin, where Coverstone previously ran Guardian. But that address need not be a company's headquarters, and need only be updated every four years. *See* Tex. Bus. Orgs. Code §§ 153.551, 153.552, 153.301.[8] None of this disproves Guardian's and Coverstone's longstanding presence in this district.

## III. Movants' Accusations That Guardian Has Engaged in "Venue Manipulation" Are Unsupported and Irrelevant

Movants contend that Guardian has "game[d] venue" because, by their count, eleven of its eighteen settlements in this case have been with California defendants. Reply Br. 4. For one thing, it defies belief to think that Guardian—whose lead counsel is a three-attorney firm—has been "[s]trong-arming" settlements from corporations such as Acer and TiVo, defended by

---

[6] *Chirife v. St. Jude*, 2009 U.S. Dist. LEXIS 50482, *11-12 (E.D. Tex., June 16, 2009).

[7] *See Texas Data Co. L.L.C. v. Target Brands, Inc.*, 2011 U.S. Dist. LEXIS 2917, *43-45 (E.D. Tex., Jan. 12, 2011).

[8] Even though GMT Management Co. listed an Austin address in its December filing, that likely was just an artifact of where its record address was when the papers were prepared. In any event, mail sent to the listed Austin address is forwarded to Longview.

3

1000+ attorney firms like Orrick and Skadden. *Id.* More to the point, what does any of this have to do with the convenience of the parties that will actually try the case? In deciding transfer motions, this Court regularly disregards parties that have settled.[9] Movants cite no precedent suggesting otherwise. Their invitation to ignore the actual venue factors, and to punish Guardian for settling with California defendants (and many non-California ones, too), is unwarranted.

## IV.     TTE Technology Cannot Credibly Deny That It Runs The Juarez Facility

TTE Technology Inc. is the only remaining defendant that even claims to be based in California—where it said it relocated after the case began. And Guardian's opposition showed that TTE Technology's real center of gravity was a massive television manufacturing facility in Juarez. Opp. Br. 5-6. Although the Reply only footnotes this point, in a declaration TTE Technology denies any financial or operational connection whatsoever with the Juarez facility— which it says is owned and run by its affiliate, TTE MASA, LLC. Supp. Gong Decl.¶¶ 2-7.

TTE Technology's position is not credible. Of the bills of lading showing U.S. imports of TVs, TV parts, and similar equipment for "TTE Technology" since 2006, the vast majority of such shipments are to the Juarez area. Ex. 26, [Spreadsheet of Import Data for "TTE Technology"]. Most of these imports have destinations in El Paso, Texas—where the disputed website states TTE has "warehouse space available"—and some even are explicitly marked "IN TRANSIT TO MEXICO." *Id.*; Ex. 27, [Sample Bills of Lading]; Ex. 28 [TTE Website] at 20. The import of these shipments is confirmed by LinkedIn profiles of persons who work for "TTE Technology" and who live in Juarez or El Paso. Ex. 29, [TTE LinkedIn Profiles]. Even if its affiliate technically owns the Juarez facility, there is little doubt that TTE Technology runs it—

---

[9] *See, e.g., Simpleair, Inc. v. Apple Inc.,* No. 2:09-cv-289-CE, slip op. at 1 n.1 (E.D. Tex., June 15, 2011); *Internet Machs.*, 2011 U.S. Dist. LEXIS 66207, *8 n.1; *NovelPoint Learning LLC v. LeapFrog Enters.*, 2010 U.S. Dist. LEXIS 128906, *2 n.1 (E.D. Tex. Dec. 6, 2010).

4

and that it will be a significant source of relevant witnesses and documents in this case.

## V. Movants' Desire To Be In Southern California Does Not Support Transfer There

Movants take the remarkable position that, because half of the defendants joined the motion to transfer, Southern California must be more convenient. Reply Br. 4. If this were the law, every defendant's motion to transfer would be granted. But, of course, what matters is the actual location of parties and witnesses—not a headcount of which parties want transfer.[10]

## VI. Under *Verizon Business*, The Prior Litigation in Southern California Cannot Trump All The Convenience Factors Weighing Against Transfer

Movants attempt to limit the Federal Circuit's decision in *Verizon Business* by claiming the case held that a court can consider its experience construing claims of a patent, as well as the fact of a co-pending related case, to deny transfer even when convenience otherwise would dictate it. Reply Br. 1-2. But that is actually the holding of *In re Vistaprint Ltd.,* 628 F.3d 1342 (Fed. Cir. 2010). In the next sentence—which movants do not quote—*Verizon Business* distinguished *Vistaprint* on the same ground at issue here: "In this case [unlike in *Vistaprint*], there is no assertion that there is an additional pending lawsuit in [the relevant district] involving the patent and technology."[11] That distinction is, in fact, why *Verizon Business* mandated transfer away from the experienced court, when *Vistaprint* had not.

When the convenience factors favored transfer in *Verizon Business*, that this Court had construed a patent in a closed case was not enough to keep the new case here. Surely, then, Southern California's analogous history with these patents is not enough to force transfer from this district—chosen by plaintiff as "master of his claim"—when convenience dictates otherwise.

---

[10] *See Eolas Techs., Inc. v. Adobe Sys.*, Inc., 2010 U.S. Dist. LEXIS 104125, *19 (E.D. Tex., Sept. 28, 2010) (this Court "considers the actual location of a [party's] witnesses and documents, [and] will not presume that a proposed transferee venue is convenient for defendants.").

[11] *In re Verizon Bus. Network Servs.,* 635 F.3d 559, 562 (Fed. Cir. 2011).

5

Dated: July 6, 2011          Respectfully submitted,

/s/ Larry D. Thompson, Jr.
Matthew J. Antonelli (lead counsel)
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
ANTONELLI, HARRINGTON &
THOMPSON LLP
4200 Montrose Blvd, Suite 430
Houston, TX 77006
(713) 581-3000

S. Calvin Capshaw
State Bar No. 03873900
Elizabeth L. DeRieux
State Bar No. 05770585
D. Jeffrey Rambin
State Bar No. 00791478
CAPSHAW DeRIEUX, LLP
114 E. Commerce St.,
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
E-mail: ccapshaw@capshawlaw.com
E-mail: ederieux@capshawlaw.com
E-mail: jrambin@capshawlaw.com

Attorneys for
GUARDIAN MEDIA TECHNOLOGIES, LTD.

6

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of July, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

    /s/ Larry D. Thompson, Jr.
Larry D. Thompson, Jr.